UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAFAEL CORDERO, individually and on behalf of all others similarly situated,

                        Plaintiff,

-against-

PRO MUSIC GROUP, LLC,

                        Defendant.

22-CV-04285 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

      Defendant Pro Music Group, LLC filed an answer on September 30, 2022 despite a deadline of June 30, 2022. ECF Nos. 6, 14. The Court has considered Defendant's letter requesting the Court accept the Defendant's late answer. ECF No. 17. Under the standards set forth in *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993), the Court is satisfied that Defendant has demonstrated "good cause" as to why it should be permitted to respond to the Complaint after the deadline and why any default should be vacated. *See* Fed. R. Civ. P. 55(c); *see also John v. Sotheby's, Inc.*, 141 F.R.D. 29, 35 (S.D.N.Y. 1992) ("The filing of a late answer is analogous to a motion to vacate a default."); *Liang v. Home Reno Concepts, LLC*, 803 F. App'x 444, 446 n.2 (2d Cir. 2020).

      Defendant has not shown that the default was not willful. Defendant represents that the company did not answer because they believed the litigation would be resolved through settlement. ECF No. 17 at 1. But, "[a] defendant's responsibility to file a responsive pleading, however, is not obviated by participating in efforts which could, in theory, later resolve the case." *Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 186 (2d Cir. 2015).

However, considering Plaintiff's lack of opposition to the delayed answer and the fact that delay alone does not constitute prejudice, the second factor weighs in favor of allowing Defendant to answer. *See Enron Oil Corp.*, 10 F.3d at 98. Regarding the third factor, without weighing Defendant's defenses, Defendant has also filed an answer which it claims contains meritorious defenses. Therefore, in light of the "oft-stated preference for resolving disputes on the merits," the motion is granted. *See Enron Oil Corp.*, 10 F.3d at 95. Accordingly, it is HEREBY ORDERED that Defendant's Answer at ECF No. 14 is accepted as the operative answer.

Dated: October 24, 2022
New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge